UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH MICHAL, f/k/a Sarah Harris, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 341 CDP |
| | ) | |
| D.H. PACE COMPANY, INC., d/b/a | ) | |
| Overhead Door Company of St. Louis, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

In her three-count complaint, plaintiff Sarah Michal claims that defendant D.H. Pace Company, Inc., discriminated against her in her employment because of her gender, in violation of Title VII of the Civil Rights Act (Count I) and the Missouri Human Rights Act (MHRA) (Count II), and in a manner that caused her "emotional distress" (Count III). Because the Missouri Commission on Human Rights (MCHR) never issued Michal a notice of right to sue on her MHRA claim, I will grant defendant's motion to dismiss that claim. Also, Michal concedes that her claim for emotional distress was not intended to allege a separate tort but rather to plead an element of damages on her discrimination claims. I will dismiss the claim to the extent it purports to be a separate claim for relief, but I will permit Michal to plead emotional distress as damages for discrimination.

## Legal Standard

D.H. Pace seeks to dismiss Counts II and III of Michal's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. When reviewing a Rule 12(b)(6) motion to dismiss, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013). To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

Michal concedes that the claim of emotional distress raised in Count III of her complaint is not brought as a separate tort claim upon which she seeks independent relief. Regarding the MHRA claim raised in Count II, Michal argues that she should be permitted to proceed on the claim in this action.

## Background[1]

Michal began working for D.H. Pace in July 2012. Since June 2014, she was continually passed over for promotion to the position of residential install manager, despite her ability and qualifications to perform the job. Instead, less experienced and less senior male employees were hired for the position, and Michal was charged with the duty to train these men.

In September 2016, a new manager and supervisor at D.H. Pace suggested that Michal be promoted to residential install manager and Michal inquired in November 2016 about a promotion. In December 2016, D.H. Pace informed Michal that she would never be promoted to a management position.

D.H. Pace terminated Michal's employment on December 5, 2017.[2]

Michal filed a complaint with the EEOC on April 18, 2017, and the EEOC issued a notice of right to sue on December 8, 2017. The EEOC did not inform the MCHR of Michal's complaint of discrimination. The MCHR never issued a notice of right to sue to Michal, and Michal contends that it refuses to do so.

## Discussion

While not jurisdictional, a plaintiff must obtain a right-to-sue letter from

---

[1] The facts set out here are those alleged in the complaint. I must assume these facts to be true for purposes of the motion to dismiss.

[2] Although the complaint states Michal was terminated on December 6, **2017**, I question whether this was intended to state December 6, **2016**, because Michal avers in her complaint that she began the administrative process on her claims of discrimination in April 2017 and that the process ended in December 2017.

the MCHR in order to bring an action under the MHRA. *Whitmore v. O'Connor Mgt., Inc.*, 156 F.3d 796, 800-01 (8th Cir. 1998); *Clayton v. Speed Emissions, Inc.*, No. 4:12-CV-565-CDP, 2012 WL 1253066, at *2 (E.D. Mo. Apr. 13, 2012). The failure to obtain a right-to-sue letter can be cured after litigation has begun, but the Court may dismiss an MHRA claim if the plaintiff fails to attempt to secure such a letter. *Clayton*, 2012 WL 1253066, at *2.

Here, Michal avers in her complaint that the MCHR "refused to issue a Right to Sue Letter to Plaintiff," and she contends in response to the motion to dismiss that she is not barred from pursuing her MHRA claim because her EEOC complaint, on which she received a right-to-sue letter, is considered to be dually filed with the MCHR. But, as noted by the Missouri Court of Appeals, "[a] right-to-sue letter from the EEOC does not give rise to a right-to-sue under the MHRA; the plaintiff must first receive a right-to-sue letter from the MCHR. The Missouri Human Rights Act and Title VII are coextensive, but not identical, acts. These statutes create different causes of action." *Hammond v. Municipal Correction Inst.*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003) (citation omitted).

On the information before the Court, it appears that Michal does not intend to attempt to obtain a right-to-sue letter from the MCHR or believes that she is unable to do so. I will therefore dismiss her MHRA claim. I will dismiss the claim without prejudice, however, in the event Michal obtains the letter

through the appropriate state process.

Accordingly,

**IT IS HEREBY ORDERED** that defendant D.H. Pace Company's Partial Motion to Dismiss [12] is **GRANTED.**

**IT IS FURTHER ORDERED** that the MHRA claim raised in Count II of the complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the "emotional distress" claim raised in Count III of the complaint is dismissed with prejudice. Michal is permitted to seek damages for emotional distress in relation to her claim of employment discrimination.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2018.